**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

HECTOR TONCHE,

     Defendant - Appellant.

No. 00-3146
(D.C. No. 99-CR-10035-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

Hector Tonche pled guilty to conspiracy to distribute a mixture or substance containing a detectable amount of cocaine hydrochloride, 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 2. He was sentenced to a term of 70 months and 3 years supervised release. On appeal, he contends that the district court erred in not finding him a minimal or minor participant in the criminal activity, thereby

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

entitling him to a four- or two-level downward adjustment. USSG § 3B1.2. Mr. Tonche contends that he was merely a drug courier and less culpable than his co-defendant. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

After an evidentiary hearing, the district court denied a downward adjustment based upon a § 3B1.2 finding that Defendant was not a "one-time" courier, he was entrusted with a large amount of drugs of which he was aware, and he was driving the vehicle in which the drugs were hidden. Aplt. App. A. at 33. The district court further found "that defendant was a courier who knowingly played a significant and recurring role in the transportation of large quantities of drugs." Id. at 34. We have reviewed the materials submitted on appeal. Although the scope of Defendant's involvement was controverted, the district court's view of the evidence is plausible and not clearly erroneous; accordingly, the district court's decision is a permissible outcome. United States v. Heckard, 238 F.3d 1222, 1233-34 (10th Cir. 2001).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge